IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE BLACKSTONE, DARCY CELESTE, NICHOLAS PERRY, BETTY ROBERGE-HASKELL, and CHERYL SIKORA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEARBORN LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Nicole Blackstone, Darcy Celeste, Nicholas Perry, Betty Roberge-Haskell, and Cheryl Sikora (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, bring this lawsuit to recover unpaid overtime wages and other damages from Dearborn Life Insurance Company, f/k/a Dearborn National Life Insurance Company ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and Maine wage and hour law, 26 M.R.S.A. § 664 *et seq.* ("Maine Law").

### BACKGROUND

1. Defendant is disability benefit insurer and disability claim administrator.

2. As a disability claim administrator, Defendant's core functions include processing disability claims within contractual timeframes.

3. Defendant employed Plaintiffs and other Claims Examination Employees to process disability claims within contractual time frames under various job titles that include the term "Claims Examiner," "Claims Analyst" or "Disability Examiner." (collectively, "Claims Examination Employees").

1
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

4. Defendant paid some or all of its Claims Examination Employees on a salary basis.

5. Defendant's Claims Examination Employees regularly worked over 40 hours per workweek.

6. Defendant classified Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

7. Plaintiffs and other Claims Examination Employees' primary job duty consisted of processing disability claims by reviewing disability claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work").

8. The Claims Review Work performed by Plaintiffs and other Claims Examination Employees is non-exempt work.

9. Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and Maine Law.

10. Plaintiffs also bring class action claims under Maine Law.

11. Plaintiffs bring their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay them and other Claims Examination Employees for all earned overtime pay.

## JURISDICTION AND VENUE

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

14. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

## THE PARTIES

15. Plaintiff Blackstone is an individual residing in North Yarmouth, Maine.

16. Plaintiff Celeste is an individual residing in Saco, Maine.

17. Plaintiff Perry is an individual residing in Steep Falls, Maine.

18. Plaintiff Roberge-Haskell is an individual residing in Windham, Maine.

19. Plaintiff Sikora is an individual residing in Gray, Maine.

20. Defendant is an Illinois Corporation.

## FACTUAL ALLEGATIONS

21. Plaintiff Blackstone worked for Defendant as a Claims Examination Employee from approximately June 2012 to October 2019.

22. During her employment with Defendant, Plaintiff Blackstone primarily performed Claims Review Work.

23. During her employment with Defendant, Plaintiff Blackstone's job duties did not include regularly directing the work of two or more employees.

24. During her employment with Defendant, Plaintiff Blackstone did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

25. During her employment with Defendant, Plaintiff Blackstone's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

26. During her employment with Defendant, Plaintiff Blackstone's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

27. During her employment with Defendant, Plaintiff Blackstone could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

28. During her employment with Defendant, Plaintiff Blackstone's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

29. During her employment with Defendant, Plaintiff Blackstone's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

30. During her employment with Defendant, Defendant required Plaintiff Blackstone to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

31. During her employment with Defendant, Plaintiff Blackstone's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

32. During her employment with Defendant, Plaintiff Blackstone's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

33. During her employment with Defendant, Plaintiff Blackstone's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

34. Defendant suffered Plaintiff Blackstone to work over 40 hours in one or more individual workweeks during the last three years.

35. During her employment with Defendant, Plaintiff Blackstone worked over 40 hours in one or more individual workweeks during the last three (3) years.

36. Defendant classified Plaintiff Blackstone as exempt from the overtime provisions of the FLSA and Maine Law.

37. Defendant paid Plaintiff Blackstone a salary.

38. When Plaintiff Blackstone worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

39. Plaintiff Celeste worked for Defendant as a Claims Examination Employee from approximately May 2012 to November 2020.

40. During her employment with Defendant, Plaintiff Celeste primarily performed Claims Review Work.

41. During her employment with Defendant, Plaintiff Celeste's job duties did not include regularly directing the work of two or more employees.

42. During her employment with Defendant, Plaintiff Celeste did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

43. During her employment with Defendant, Plaintiff Celeste's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

44. During her employment with Defendant, Plaintiff Celeste's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

45. During her employment with Defendant, Plaintiff Celeste could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

46. During her employment with Defendant, Plaintiff Celeste's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

47. During her employment with Defendant, Plaintiff Celeste's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

48. During her employment with Defendant, Defendant required Plaintiff Celeste to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

49. During her employment with Defendant, Plaintiff Celeste's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

50. During her employment with Defendant, Plaintiff Celeste's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

51. During her employment with Defendant, Plaintiff Celeste's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

52. Defendant suffered Plaintiff Celeste to work over 40 hours in one or more individual workweeks during the last three years.

53. During her employment with Defendant, Plaintiff Celeste worked over 40 hours in one or more individual workweeks during the last three (3) years.

54. Defendant classified Plaintiff Celeste as exempt from the overtime provisions of the FLSA and Maine Law.

55. Defendant paid Plaintiff Celeste a salary.

56. When Plaintiff Celeste worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

57. Plaintiff Perry worked for Defendant as a Claims Examination Employee from approximately January 2019 to November 2020.

58. During his employment with Defendant, Plaintiff Perry primarily performed Claims Review Work.

59. During his employment with Defendant, Plaintiff Perry's job duties did not include regularly directing the work of two or more employees.

60. During his employment with Defendant, Plaintiff Perry did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

61. During his employment with Defendant, Plaintiff Perry's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

62. During his employment with Defendant, Plaintiff Perry's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

63. During his employment with Defendant, Plaintiff Perry could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

64. During his employment with Defendant, Plaintiff Perry's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

65. During his employment with Defendant, Plaintiff Perry's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

66. During his employment with Defendant, Defendant required Plaintiff Perry to perform his job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

67. During his employment with Defendant, Plaintiff Perry's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

68. During his employment with Defendant, Plaintiff Perry's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

69. During his employment with Defendant, Plaintiff Perry's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

70. Defendant suffered Plaintiff Perry to work over 40 hours in one or more individual workweeks during the last three years.

71. During his employment with Defendant, Plaintiff Perry worked over 40 hours in one or more individual workweeks during the last three (3) years.

72. Defendant classified Plaintiff Perry as exempt from the overtime provisions of the FLSA and Maine Law.

73. Defendant paid Plaintiff Perry a salary.

74. When Plaintiff Perry worked over 40 hours in individual workweeks, Defendant did not pay his overtime at one and one-half times his regular rate of pay.

75. Plaintiff Roberge-Haskell worked for Defendant as a Claims Examination Employee from approximately June 2009 to October 2019.

76. During her employment with Defendant, Plaintiff Roberge-Haskell primarily performed Claims Review Work.

77. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties did not include regularly directing the work of two or more employees.

78. During her employment with Defendant, Plaintiff Roberge-Haskell did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

79. During her employment with Defendant, Plaintiff Roberge-Haskell's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

80. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

81. During her employment with Defendant, Plaintiff Roberge-Haskell could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

82. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

83. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

84. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

85. During her employment with Defendant, Plaintiff Roberge-Haskell's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

86. Defendant suffered Plaintiff Roberge-Haskell to work over 40 hours in one or more individual workweeks during the last three years.

87. During her employment with Defendant, Plaintiff Roberge-Haskell worked over 40 hours in one or more individual workweeks during the last three (3) years.

88. Defendant classified Plaintiff Roberge-Haskell as exempt from the overtime provisions of the FLSA and Maine Law.

89. Defendant paid Plaintiff Roberge-Haskell a salary.

90. When Plaintiff Roberge-Haskell worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

91. Plaintiff Sikora worked for Defendant as a Claims Examination Employee from approximately July 2018 to May 2019.

92. During her employment with Defendant, Plaintiff Sikora primarily performed Claims Review Work.

93. During her employment with Defendant, Plaintiff Sikora's job duties did not include regularly directing the work of two or more employees.

94. During her employment with Defendant, Plaintiff Sikora did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

95. During her employment with Defendant, Plaintiff Sikora's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

96. During her employment with Defendant, Plaintiff Sikora's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

97. During her employment with Defendant, Plaintiff Sikora could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

98. During her employment with Defendant, Plaintiff Sikora's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

99. During her employment with Defendant, Plaintiff Sikora's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

100. During her employment with Defendant, Defendant required Plaintiff Sikora to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

101. During her employment with Defendant, Plaintiff Sikora's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

102. During her employment with Defendant, Plaintiff Sikora's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

103. During her employment with Defendant, Plaintiff Sikora's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

104. Defendant suffered Plaintiff Sikora to work over 40 hours in one or more individual workweeks during the last three years.

105. During her employment with Defendant, Plaintiff Sikora worked over 40 hours in one or more individual workweeks during the last three (3) years.

106. Defendant classified Plaintiff Sikora as exempt from the overtime provisions of the FLSA and Maine Law.

107. Defendant paid Plaintiff Sikora a salary.

108. When Plaintiff Sikora worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

## COVERAGE UNDER THE FLSA

109. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

110. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

111. Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

112. During her employment, Plaintiff Blackstone was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

113. During her employment, Defendant was Plaintiff Blackstone's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

114. During her employment, Plaintiff Celeste was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

115. During her employment, Defendant was Plaintiff Celeste's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

116. During his employment, Plaintiff Perry was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

117. During his employment, Defendant was Plaintiff Perry's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

118. During her employment, Plaintiff Roberge-Haskell was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

119. During her employment, Defendant was Plaintiff Roberge-Haskell's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

120. During her employment, Plaintiff Sikora was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

121. During her employment, Defendant was Plaintiff Sikora's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

122. Plaintiffs bring their FLSA claims as a collective action.

123. Plaintiffs' FLSA Consent Forms are attached hereto as Exhibit A.

124. The Collective is defined as follows:

**All individuals employed by Defendant as Claims Examination Employees over the last three years who were paid a salary and classified as exempt from overtime ("Collective Action Members").**

125. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

126. On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiffs.

127. During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA 29 U.S.C. § 203(d).

128. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

129. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

130. Defendant maintained one or more common job descriptions for Claims Examination Employees.

131. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

132. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

133. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

134. Defendant was aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

### CLASS ACTION ALLEGATIONS

135. Plaintiffs also seek class certification of the following state law class under Fed. R. Civ. P. 23:

**All individuals employed by Defendant in Maine as Claims Examination Employees in the past six years who were paid a salary and were classified as exempt from overtime (the "Class").**

136. The Class has more than 40 members.

137. As a result, the Class is so numerous that joinder of all members is not practical.

138. There are questions of law or fact common to members of the Class, including (1) whether the Class members primarily performed non-exempt work; (2) whether Defendant violated Maine Law by refusing to pay the Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class members as exempt from the overtime provisions of Maine Law.

139. The Plaintiffs' overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

140. Defendant's defenses to Plaintiffs' claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

141. The Plaintiffs can fairly and adequately protect the interests of the Class members because they have no interests adverse to the Class.

142. The Plaintiffs can fairly and adequately protect the interests of the Class members because they have retained counsel experienced in class action employment litigation.

143. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

144. The Plaintiffs and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

145. If individual actions were required to be brought by each member of the Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

146. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

147. The books and records of Defendant are material to the Class members' claims because they disclose the hours worked by each member of the Class and the rates at which Class members were paid.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

148. Plaintiffs incorporate here the previous allegations of this Complaint.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

149. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

150. Plaintiffs were not exempt from the overtime provisions of the FLSA.

151. Collective Action Members were not exempt from the overtime provisions of the FLSA.

152. Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

153. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

154. Defendant paid Plaintiffs a salary and no overtime compensation.

155. Defendant paid other Collective Action Members a salary and no overtime compensation.

156. Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks.

157. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

158. Defendant's failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiffs and the Collective Action Members overtime.

### COUNT II
### VIOLATION OF MAINE WAGE AND HOUR LAW

159. Plaintiffs incorporate here the previous allegations of this Complaint.

160. Defendant violated Maine Law by failing to pay overtime to the Plaintiffs and members of the Class when they worked over 40 hours in individual workweeks.

161. Defendant classified the Plaintiffs and the members of the Class as exempt from the overtime provisions of Maine Law.

162. The Plaintiffs and members of the Class were not exempt from the overtime provisions of Maine Law.

163. Defendant suffered and permitted the Plaintiffs and members of the Class to work over 40 hours in one or more individual workweeks.

164. Defendant violated Maine Law by failing to pay the Plaintiffs and Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

### JURY DEMAND

165. Plaintiffs demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Collective Action Members, and the Class members, seek a judgment against Defendant as follows:

A. An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. An Order certifying the Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4).

C. All unpaid overtime wages due to Plaintiffs, the Collective Action Members, and the Class members;

D. Pre-judgment and post-judgment interest;

E. Liquidated damages equal to the unpaid overtime compensation due;

F. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

G. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
STACY W. THOMSEN*
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz
*Application for admission pro hac vice forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND OTHERS SIMILARLY SITUATED**